Joseph A. Cox, S.
The construction requested as to section 4 of article I of the will and section 4 of article III seeks a determination as to the disposition of trust income accrued but not *783 received or collected prior to January 3, 1957, the date of death of the widow, the income beneficiary.
Section 4 of article I gave one half of the remainder of the estate to designated trustees and directed them ‘ ‘ to collect and receive the income thereof and to pay over the net income of the trust fund to my wife for life, and I give and bequeath the principal of said trust fund upon the death of my wife and the Trustees shall pay over and deliver the same to the educational and charitable corporations hereafter named in Article IV of my Will in the shares or percentages specified in said Article ’ ’. Section 4 of article III merely added to the above trust the residue of all property belonging to testator at the time of his death and not otherwise disposed of by the will.
Part of subparagraph (b) of section 3 of article V reads: “ The Trustees of each trust hereunder shall treat as part of the income payable to the beneficiary for life under the trust all interest and dividends actually received or collected by the Trustees during the life of the beneficiary, without deductions of any part thereof previously accrued, but shall not treat as part of such income interest or dividends accrued but not received or collected during the life of the beneficiary.”
The executors of the will of the now deceased life beneficiary argue that there is an intestacy as to the income accrued but not collected at the death of the income beneficiary. They make the claim that while the will denies such income to their testatrix it also limits the charitable remaindermen to the principal of the trust fund and that as a result there is no disposition of the accrued income not collected with a resultant intestacy.
It is argued on behalf of the three educational and charitable corporations named in article IV of the will that the will expressly stipulates against any apportionment of accrued income to the widow and by necessary implication awards such accrued interest to the remaindermen.
In this as in all constructions the court must search out the intent of the testator as found within the confines of the will. An examination of the will as a whole indicates that the testator was concerned mainly with the welfare of his wife and sister and relatives and others to whom he felt obligated, and that he then wished to devote the balance of his estate to the uses of the community as exemplified by the activities of the charitable remaindermen. Indeed in section 8 of article V he explicitly stated his thoughts in the following words: ‘ ‘ Section 8. Realizing that no man can create or acquire wealth or use and enjoy it by his own unaided effort and that every man owes his wealth and opportunities to the cooperation of his fellow men and the *784 protection afforded by the community, I have felt it my duty, after making suitable provision for my wife and sister and for any relations and others for whom I ought to provide, to devote the bulk of my estate to the uses of the community upon the death of the several beneficiaries for life.”
The will clearly indicates that the testator made what he considered to be “ suitable provision for my wife and sister and for any relations and others for whom I ought to provide He explicitly directed the trustees not to treat as income the accruals now the subject of inquiry. To hold that such accruals should be treated as undisposed of assets and give them as intestate property to the same persons for whom suitable provisions were already made by the testator would be contrary to the expressed intentions of the testator.
Obviously the testator intended to dispose of his entire estate including all income earned during the trust period. As was stated in Matter of Juilliard (238 N. Y. 499, 508) in a very similar situation: “If the testator had intended any other division he would naturally have made express provision therefor instead of merely providing against apportionment.” The court in that case held that a charitable corporation incorporated after the death of the testator was entitled to income accrued but unpaid at the time of its incorporation. The will provided that such income was not to be apportioned or paid to a nephew who was given the income until the corporation was formed. No express direction as to its disposition had been provided in the will.
The court holds that the income here in question is payable to the charitable remaindermen m proportion to their interests in the remainder.
Submit decree on notice accordingly.